## Mason Fruit Jar Co. *v.* Paine, Diehl & Co., Appellants.

*Evidence—Declarations—Identification.*

A witness will not be permitted to testify as to declarations alleged to have been made by a party in the suit, where the witness is unable to identify the party as the person who made the declarations.

Argued Jan. 29, 1895. Appeal, No. 172, July T., 1894, by defendants, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1891, No. 528, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit for goods sold, etc.

At the trial it appeared that plaintiff agreed to make for defendants a large quantity of perforated tops for salt bottles. Defendants claimed that the articles were to be made in one piece. Plaintiff averred that they could not be made in one piece so that they could be sold at a low price; and that this fact was communicated to defendants before the contract was made, and in consequence the order was given to make them in several pieces. Defendants called Miss Helen B. Dickson to testify as to statements made by William R. Grange, presi-

dent of the Mason Fruit Jar Co., to George H. Paine, in the latter's office.. The conversation alluded to took place in an adjoining room to where Miss Dickson was at the time. Miss Dickson testified that she knew Mr. Grange by sight, and that she had overheard a conversation between him and Mr. Paine. In the court room however she could not identify Mr. Grange as being the person whom she heard. She said the reason she thought it was defendants' representative was because a card was always taken to the back office, but she could not remember the name given that day. Mr. Paine was then recalled and testified ·that there never was but one conversation about the sample with a representative of the jar company, and that was with William Grange. The offers to prove the conversation were renewed, objected to, objections sustained, and bills sealed. [1–4]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting questions, but not quoting bills of exception.

*Thomas Diehl,* for appellants, cited: 1 Greenl. Ev. 70; Warren v. Ulrick, 130 Pa. 413.

*Edward D. McLoughlin,* for appellee.—As the evidence was insufficient to establish the identity of the speaker, the conversation was properly ruled out.

PER CURIAM, Feb. 18, 1895:

The admissibility of the offers of testimony by the rejected questions propounded to Miss Dickson, depends entirely upon her ability to identify the person who was in conversation with Mr. Paine at the time and place to which the questions refer. She did not see the person and repeatedly stated that she did not know who he was. She inferred, for a reason which she stated, that he was a representative of the Fruit Jar Co. But she did not see him, he was in another room, and when the gentleman who, it was alleged by the defendants, was the one who was engaged in the conversation in question, was pointed out to her in the court room, she distinctly said she could not identify him as being the person whom she heard. Without such identification, his declarations were not admissible. The witness knew Mr. Grange, the person ·in question, but she

refused to say it was he who was in the room with Mr. Paine at the time of the conversation. Nor does Mr. Paine's testimony help the matter. It would still require a conjecture on the part of the jury as to whether Mr. Grange was the person whose declarations were proposed to be proved by Miss Dickson. Mr. Paine did not personally know that she was in the outside room at the very time of the conversation. He said he did, but on cross-examination admitted that the only way in which he knew, was by Miss Dickson's subsequent statement to him to that effect, and that, of course, was but hearsay. We think the offers were all properly rejected.

Judgment affirmed.